## Case No. 16,253.

### UNITED STATES v. SEVEN BARRELS DISTILLED OIL.

[6 Blatchf. 174.][1]

Circuit Court, E. D. New York.   July, 1868.

INTERNAL REVENUE LAWS — FORFEITURE OF PERSONALTY BY MORTGAGOR—RIGHTS OF MORTGAGEE.

1. Where the owner of personal property, mortgaged by him to another person, remains in possession of it after giving the mortgage, and commits acts in respect to such property, which work a forfeiture of it to the United States, under the 25th section of the internal revenue act of March 2, 1867 (14 Stat. 483), it must be condemned, even though the mortgagee is not shown to have been concerned in such acts.

[Cited in Boggs v. Com., 76 Va. 994.]

2. Nor can the demand of the mortgagee be paid by the court out of the proceeds of the property condemned.

3. The remedy of the mortgagee is, to apply to the secretary of the treasury for a remission of the forfeiture, as respects his demand.

[4. Cited in Coffey v. U. S., 6 Sup. Ct. 436, 116 U. S. 433, to the point that the circuit courts have original jurisdiction of suits in rem for forfeitures under the internal revenue laws.]

This was an information in rem, against certain crude oil and a still and apparatus for distilling such oil, alleged to have become forfeited to the United States, under the provisions of the 25th section of the internal revenue act of March 2, 1867 (14 Stat. 483). The only claim interposed, was by one Clauson, who intervened as claimant, by virtue of a mortgage upon the property, executed to him by one Seeley, the owner. On the trial, it was conceded, that acts and frauds shown to have been committed by Seeley while in possession of the property, as the owner thereof, were sufficient to forfeit it as against him. It was also admitted, that the property had been conveyed by the claimant to Seeley, in good faith, prior to the commission of the acts complained of; that the claimant then, in good faith, took back a mortgage upon the property, as security for the purchase money; and that there was justly due on the mortgage the sum of $2,400. It was further admitted, that the only interest of the claimant in the property, at the time of the commission of the acts entailing the forfeiture, was that derived from his mortgage; and that there was no evidence showing that the claimant had any

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

knowledge of the frauds which were being committed by Seeley. On these facts the court directed a verdict for the government, condemning the property to be sold as forfeited to the United States, reserving the question, whether the fact that the claimant held a bonâ fide mortgage on the property, and was not shown to have committed any unlawful act, would preclude a decree condemning the whole property as forfeited.

BENEDICT, District Judge. The question raised certainly presents a case of hardship, but it must be decided adversely to the claimant. By the 25th section of the act of 1867, which is substantially a re-enactment of the 68th section of the act of June 30th, 1864 (13 Stat. 248), it is provided, that unlawful acts similar to those proved against the owner of this property, shall, when committed by the owner, agent, or superintendent of any still, boiler, or other vessel used in distillation, work a forfeiture of all the spirits made by or for him, and all the vessels used in making the same, and the stills, boilers and other vessels used in distillation, and all materials fit for use in distillation, found on the premises. The provisions of the 25th section are, by the 94th section of the act of June 30, 1864 (13 Stat. 265), made applicable to distilleries of coal oil, and are, therefore, applicable to the property in question, which consists of crude oil and a still, with the accompanying apparatus, used by Seeley, the owner, in the distillation of oil. If these provisions of law are to be taken to mean what they say, it cannot be doubted, that the only decree which can be rendered in this case is a decree which shall condemn this property to be sold as the absolute property of the United States, for, nowhere in the act can any provision be found which, by express terms, exempts from the effect of the decree any interest whatever in property condemned, whether acquired by mortgage or otherwise. The articles themselves and every part of them are made to become the property of the government, by operation of law.

But, it is said that the forfeiture is intended to be a punishment for a criminal act, and that, therefore, only the property of the offender is to be considered as intended to be affected by the act. No such intention, however, is disclosed. On the contrary, the statute expressly provides, that the act of the agent or the superintendent, without the knowledge of the owner of the still, shall forfeit it, thus clearly indicating a different intention. By the act, the still itself is treated as the offender, and is seized and sold because of its guilty use. The forfeiture results from the mode of use, and is created to enable the government to put an end to such use, by the apprehension of the thing used. This mode of enforcing obedience to revenue laws is common, and arises from necessity, by reason of the temptation to disregard laws of this class, and the difficulty of securing crim-

inal conviction under them. The effect of such provisions is to make every person interested in any way in apparatus capable of being used to defraud the government, responsible, to the extent of that interest, for the use of the apparatus, and, therefore, vigilant to aid the government in preventing an unlawful use of it. But, if it be held that only the interest of the actual offender is affected, a door for fraud and collusion is open, which would go far indeed to nullify the act. I find no such open door in the law. It is true that this construction of the statute will often work hardship; and the present may be an instance. It is to relieve such cases, while at the same time the efficiency of the law is maintained, that the power of remission is conferred on the secretary of the treasury. To that power alone this claimant can appeal.

I have not arrived at the conclusion above indicated without consulting, with great care, the views expressed by the learned judge of the Eastern district of Missouri, in the case of U. S. v. 396 Barrels of Distilled Spirits [Cases Nos. 16,502 and 16,503], where it was held, that the interest of a qualified owner, to the extent of his interest in the res, is to be protected by the court, but where, as I also notice, the learned judge remarks, that, if the res be in actual custody, a venditioni exponas will issue, and the lien demand will be paid out of the proceeds of the sale. How can this be? If only the interest of the offender be forfeited, how can any thing more than his interest be sold; or, if the court decrees a forfeiture of the res, and sells it as forfeited to the government, under what provision of law is it authorized to pay the proceeds of the sale to other parties than the government? To exempt a certain portion of the proceeds of the sale of the property condemned from the effect of the condemnation, seems to me to be an exercise, by the court, of a power which the law has conferred on the secretary of the treasury alone. With great deference, therefore, I feel obliged to differ with the judge who decided that case, and must hold that, upon the finding of the jury in this case, a decree must be entered, condemning the whole property, as forfeited to the United States, and declaring that the claimant has no remedy in this court for his demand.

